IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK A. SHIFLET, | ) | CASE NO. 4:09 CV 538 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Frank A. Shiflet, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Shiflet had severe impairments consisting of depression, posttraumatic stress disorder (PTSD), and degenerative disc disease.[1] The ALJ made the following finding regarding Shiflet's residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with no more than occasional bending, squatting, kneeling, crawling, and stooping; the claimant is limited to simple, routine, and repetitive tasks with no more than occasional interaction with supervisors,

---

[1] Transcript ("Tr.") at 14.

co-workers, or members of the general public; the claimant is limited to a low stress work environment which is defined involving no complex decision making and limited to infrequent unexpected workplace changes.   The claimant must be permitted a bathroom break every two (2) hours.[2]

The ALJ decided that this residual functional capacity precluded Shiflet from performing his past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Shiflet could perform.[4]  The ALJ, therefore, found Shiflet not under a disability.[5]

Shiflet asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Shiflet argues that the ALJ failed to evaluate, weigh, and articulate as to the opinions of the medical sources treating his mental impairments and that substantial evidence does not support the ALJ's credibility and residual functional capacity findings.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

---

[2] *Id.* at 16.

[3] *Id.* at 19.

[4] *Id.* at 20.

[5] *Id.*

**Analysis**

**A.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[6]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[7]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[8]

---

[6] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[7] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[8] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

-3-

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.    Substantial evidence supports the ALJ's finding of no disability.**

This case involves three issues:  The weight of the treating sources' opinions, credibility, and the validity of the residual functional capacity finding.

None of the treating sources in this case produced a residual functional capacity opinion.[9]  The only such opinions in the record consist of evaluations done by the state agency physicians and psychologists.  In making the residual functional capacity finding in this case, the ALJ adopted the opinions of the state agency physicians and psychologists.[10]

In order to qualify for controlling weight under the regulations, the treating source must "translate" impairments into work-related limitations.[11]  Although treating sources' opinions as to the severity of impairments without more must be considered, it is difficult to factor such opinions into the residual functional capacity finding, which must set out specific work-related limitations.  Because Shiflet's treating sources provided no opinions discussing work-related limitations, any deficiency in failing to further articulate with respect to the

---

[9] As discussed below, the treating sources at issue are those who addressed Shiflet's mental impairments.  ECF # 20 at 4-6.

[10] Tr. at 19.

[11] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003).

various reports that Shiflet puts forward as treating source opinions is at most harmless error.[12]

In reaching this conclusion, I have carefully reviewed the VA progress notes of Thomas Mako, a psychologist;[13] Mark Bondeson, a social science officer;[14] and Shin Lee, M.D., a psychiatrist.[15]  Each of these sources discusses Shiflet's PTSD condition.  None imposes any work-related limitations.

The state agency reviewing psychologists, Alice Chambly, Ph.D., Bonnie Katz, Ph.D., and David Sanford, Ph.D. acknowledge the diagnoses of the VA sources and, based on those diagnoses, opine as to appropriate severity and limitations.[16]  I can find no error in the ALJ's reliance upon these opinions.  Further, as I read Shiflet's brief, he does not take any serious issue with the mental work-related limitations found by the ALJ.[17]

As in *Cross v. Commissioner of Social Security*,[18] the ALJ's articulation as to credibility is imperfect here.  He does not provide a unified statement discussing the factors for evaluating credibility set forth in the regulations.  In reviewing the decision as a whole,

---

[12] *Cf.*, *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 472 (6th Cir. 2006).

[13] Tr. at 160, 164, 168, 172, and 360-61.

[14] *Id.* at 143.

[15] *Id.* at 283-84.

[16] *Id.* at 250-67, 699-716.

[17] ECF # 20 at 9-15.

[18] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

however, he says enough about those factors in various places to piece together articulation justifying the discounting of Shiflet's credibility.[19]

The residual functional capacity finding characterizes Shiflet as capable of medium work with mental limitations to address his posttraumatic stress disorder impairment.  Shiflet does not take specific issue with the mental limitations incorporated.  Here there is evidence in the medical records that Shiflet received treatment for his posttraumatic stress disorder and seemed to improve under this treatment, which included therapy and medication.  Given that substantial evidence supports some discounting of Shiflet's credibility, and the lack of a serious attack upon the limitations found by the state agency reviewers, it is difficult to say that substantial evidence does not support the mental residual functional capacity finding.

With respect to physical limitations, the objective evidence of his degenerative disc disease is moderate at best.  His x-rays reveal no more than minimal to moderate degenerative changes.[20]  As stated by the Sixth Circuit in *Blacha v. Commissioner of Social Security*,[21] such objective findings will not support disability.[22]  Further, during a consultative examination, serious limitations were not manifest.[23]  Finally, Shiflet has not had ongoing medical treatment for back pain and, for several years, has addressed that pain with

---

[19] Tr. at 15, 16, 18-19.

[20] *Id.* at 249, 414, 416-19.

[21] *Blacha v. Comm'r of Soc. Sec.*, 927 F.2d 228 (6th Cir. 1990).

[22] *Id.* at 231.

[23] Tr. at 243-44.

over-the-counter pain medication.[24]  Under the substantial evidence standard, therefore, the residual functional capacity finding must be affirmed.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Shiflet had no disability.   Accordingly, the decision of the Commissioner denying Shiflet disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.


Dated:  April 5, 2011                                         s/ William H. Baughman, Jr.
                                                              United States Magistrate Judge

---

[24] *Id.* at 733, 739-40.